IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *

          vs.                     *   CRIMINAL NO. MJG-08-0415

ELLIOTT BROWN                     *

*        *        *        *        *        *        *        *        *

MEMORANDUM AND ORDER DENYING § 2255 MOTION

The Court has before it Petitioner's Motion to Vacate, Set

Aside, or Correct Sentence [ECF Nos. 299 & 300].   The Court has held

a hearing including the presentation of evidence.   The Court has made

its factual findings based upon its evaluation of the evidence and

the reasonable inferences drawn therefrom.


I.   BACKGROUND

On June 1, 2009, Defendant Elliott Brown ("Petitioner")  was

convicted by Judge Quarles on a plea of guilty to one Count of

conspiracy to distribute and possess with intent to distribute  a

controlled substance in violation of 21 U.S.C. § 846.

On June 9, 2009, Petitioner, by trial counsel,[1] filed a Motion

to Withdraw Guilty Plea [ECF No. 178] and, on March 12, 2010, filed

pro se a supplemental motion seeking to withdraw the guilty plea [ECF

No. 250].   On March 17, 2010, Judge Quarles appointed Richard Bardos,

_____

1    David Solomon, Esquire.

Esquire who represented Petitioner through sentencing and appeal. On July 29, 2010, Judge Quarles denied Petitioner leave to withdraw the guilty plea. See Memorandum Opinion [ECF No. 265] filed July 30, 2010.

At sentencing, on July 29, 2010, Judge Quarles found that Petitioner's Offense Level was 36 and Criminal History Category was VI, yielding a Guidelines Range of 324 to 405 months. Petitioner was sentenced to 360 months of incarceration.  Judgement was entered on July 30, 2010. [ECF No. 267].

On August 3, 2010, Petitioner appealed to the United States Court of Appeals for the Fourth Circuit. [ECF No. 272].  On June 16, 2011, the appellate court issued its Judgment affirming the conviction and sentence. [ECF No. 288].  On September 14, 2011, (90 days after June 16) the time for Petitioner to seek a writ of certiorari expired.  Therefore, the deadline for filing a § 2255 motion was September 14, 2012.  On that date, Petitioner filed pro se documents deemed to constitute a timely § 2255 motion. [ECF Nos. 299 & 300].

On May 20, 2014, Judge Quarles appointed Mary Davis, Esquire to represent Petitioner. [ECF No. 341].

On January 29, 2016, the instant case was reassigned to the undersigned Judge.

2

On January 11, 2017, the Court held a hearing on the instant motion.

II.  GROUNDS ASSERTED

Petitioner asserts that he was denied the effective assistance of counsel due to counsel's failure to:

> 1.  Communicate to him an offer of a plea agreement calling for a 188 month sentence.
>
> 2.  Adequately represent him in regard to his guilty plea, rendering the plea involuntary.
>
> 3.  Adequately represent him in regard to the district court's finding that he was a career offender.
>
> 4.  Adequately represent him in regard to the district court's finding of responsibility for 30 kilograms of heroin.

A.  Ineffective Assistance of Counsel Standard

In order to prevail on a claim that counsel's representation violated his Sixth Amendment right to effective assistance of counsel, Petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness,"[2] and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694

---

[2]  Thus overcoming a presumption that counsel's conduct (i. e. representation of the criminal defendant) was reasonable.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

3

(1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the proceedings]."  Id. at 694.


B.  Petitioner's Asserted Grounds

    1.  Failure to Communicate Offer

Petitioner contended that trial counsel failed to communicate to him a Government offer of a plea agreement calling for a 188 month sentence and that, were that offer made, he would have accepted it.

A criminal defendant is entitled to the effective representation of counsel in regard to plea bargaining.

> Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process.  During plea negotiations defendants are "entitled to the effective assistance of competent counsel."

Lafler v. Cooper, 566 U.S. ___, 132 S. Ct. 1376, 1384 (2012)(internal citations omitted).

This includes the right to be informed of offered plea agreements.  As stated by Justice Kennedy in Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1408 (2012):

> This Court now holds that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. . . .  When defense counsel allowed the offer to expire without advising the defendant or allowing him

> to consider it, defense counsel did not render
> the effective assistance the Constitution
> requires.

The Court conducted an evidentiary hearing at which Petitioner and trial counsel testified.  The Court finds that the Government made three plea agreement offers to Petitioner, none of which called for a sentence of 188 months.

The first offer, made November 14, 2008, provided that Petitioner's base Offense Level was 38, to be reduced by three levels[3] to 35 with a Sentencing Guidelines range of 292 to 365 months if Petitioner was held to be a career offender, or 262 to 327 months if he was not held to be a career offender.  The Government agreed to recommend a sentence within the determined Guidelines range. Petitioner did not accept this offer.

The second offer, made May 5, 2009, provided for a base Offense Level of 37 to be reduced by three levels[4] to 34 with a Sentencing Guidelines range of 262 to 327 months.  The agreement was to be pursuant to Rule 11(c)(1)(C)[5] "guaranteeing" a sentence of 262 months.  Petitioner did not accept the offer.

---

3    For acceptance of responsibility.
4    For acceptance of responsibility.
5    All Rule references herein refer to the Federal Rules of Criminal Procedure.

The third offer, made June 1, 2009, provided for a base Offense Level of 38, to be reduced by two levels[6] to 36 with a Sentencing Guidelines range of 324 to 405 months if Petitioner was held to be a career offender, or 292 to 365 months if he was not held to be a career offender.  The Government agreed to recommend a sentence within the determined Guidelines range.  Petitioner accepted this offer.

Petitioner testified that he had been told about co-defendant Jahvin Williams's plea agreement calling for a 188 month sentence and assumed that he would receive the same sentence.  However, Petitioner did not testify regarding any offer made <u>to</u> <u>him</u> of a plea agreement calling for a 188 month sentence.

In fact, co-defendant Williams was sentenced on April 28, 2009, to 188 months, the low end of his Guidelines range for Offense Level 35 and Criminal History Category II. [ECF No. 143].  The Williams plea agreement provided for a <u>higher</u> Offense Level than was called for in the second offer to Petitioner.

Petitioner testified that he was not informed of the first (November 14, 2008) offer until June 1, 2009, the first day of trial. However, trial counsel testified that the offer was first communicated to Petitioner no later than December 24, 2008.  The Court finds trial counsel credible.

---

6    For acceptance of responsibility.

In any event, Petitioner has not shown that he has suffered any prejudice by virtue of some uncommunicated offer.  See Williams v. State, 605 A.2d 103, 110 (Md. 1992)("In any case, the attempt is to determine whether, but for the deficient performance by counsel, there is a substantial possibility that the defendant would have accepted the plea agreement.").  Petitioner does not claim that he would have accepted the first offer, calling for a sentence of no less than 262 months.  In fact, he rejected the second offer made May 5, 2009, that provided for a guaranteed sentence of 262 months.

The second offer (May 5, 2009) was discussed with Petitioner on or about May 15, 2009.  Petitioner then said he would accept it only if counsel could not get the Government to agree to a 17-year sentence.  The Government would not agree to this.  On or about May 19, 2009, Petitioner told counsel, in a telephone conversation that he would not accept the second offer.

Trial commenced with jury selection on June 1, 2009.  After the jury was selected, Petitioner decided to plead guilty and was presented with the third (June 1, 2009) offer, which he accepted.

In sum, the Court finds that there never was an offer to Petitioner for a plea agreement calling for a 188 month sentence. Hence, trial counsel did not fail to communicate any such offer.

2.   <u>Acceptance of Guilty Plea</u>

Petitioner contends that he was denied the effective assistance of counsel in regard to his guilty plea, rendering the plea involuntary.   This contention was raised and resolved on Petitioner's direct appeal.

In its decision affirming Judge Quarles, <u>United States v. Brown</u>, 435 Fed. Appx 182 (4th Cir. 2011), the United States Court of Appeals for the Fourth Circuit addressed Petitioner's contention that his guilty plea was not voluntary and that Judge Quarles erred by denying him the ability to withdraw his plea.   The Fourth Circuit stated:

> Brown argues that the district court abused its discretion in denying his motion to withdraw his guilty plea, based in part on  his assertion that his first appointed counsel [Trial    Counsel]    rendered    ineffective assistance.
>
> *      *      *
>
> "[T]o     prevail    on  [his  ineffective assistance claim], [Brown] must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there was a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial."   We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in denying Brown's motion to withdraw his guilty plea.

<u>Id.</u> at 183 (internal citations omitted)(quoting <u>United States v. Bowman</u>, 348 F.3d 408, 416 (4th Cir. 2003).

The Court further notes that were the issue not conclusively resolved by the direct appeal, it would find that Petitioner has not established ineffective assistance of counsel in regard to his guilty plea.  Petitioner has shown nothing to establish that any effort by trial counsel, through investigation or otherwise, would have resulted in any better plea agreement offer or would have caused Petitioner to reject the offer and obtain any better result at trial.

### 3.  Career Offender Finding

In sentencing, Judge Quarles held that Petitioner was a career offender, increasing his Criminal History category from V to VI. Petitioner contends that this was error by virtue of the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).  However, even if Judge Quarles had committed error in this regard, the issue cannot be raised by the instant § 2255 motion.

As stated in United States v. Foote, 784 F.3d 931 (4th Cir. 2015), cert. denied, 135 S. Ct. 2850 (2015):

> Wesley Devon Foote ("Appellant") appeals the district court's denial of his petition for collateral relief filed pursuant to 28 U.S.C. § 2255. The district court concluded that Appellant's petition, which was based on the argument that his career offender designation was later nullified under our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), does not present a claim that is cognizable on collateral review.

> The language of § 2255 makes clear that not
> every alleged sentencing error can be corrected
> on collateral review. The Supreme Court has
> instructed that only those errors presenting a
> "fundamental defect which inherently results in
> a complete miscarriage of justice" are
> cognizable. We are not convinced that
> Appellant's pre-Simmons career offender
> designation meets this high bar. Neither
> Appellant's federal offense of conviction nor
> his state convictions qualifying him as a career
> offender have been vacated, he was sentenced
> under an advisory sentencing scheme, and we are
> hesitant to undermine the judicial system's
> interest in finality to classify a Sentencing
> Guidelines error as a fundamental defect.
> Therefore, we affirm the district court.

Id. at 932 (internal citations omitted)(quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

Moreover, of course, Petitioner's sentencing counsel cannot be faulted for not anticipating in 2009 an appellate decision rendered more than two years later.

Finally, in regard to career offender status, the Court is not now deciding whether Petitioner was a career offender or whether he would be foreclosed from contesting his career offender status in the context of his pending motion under 18 U.S.C. § 3582(c).[7]

4.   Amount of Heroin

Petitioner asserts that his attorneys were ineffective for failing to represent him adequately in regard to Judge Quarles'

---

[7]   ECF No. 386.

finding that, for Sentencing Guidelines purposes, 30 kilograms of heroin was attributable to him.  This contention is made in regard to the voluntariness of his guilty plea when he was represented by trial counsel and in regard to his representation at sentencing when he was represented by Mr. Bardos.

As discussed above, the Fourth Circuit has resolved the contention that Petitioner was not provided adequate representation in regard to his guilty plea.

At the motions hearing, Petitioner stated that he had been involved in the charged drug conspiracy for about a three-week period from December 2005 to sometime in January 2006, and that he thought that he would only be sentenced based on what he did in that limited time frame.  However, the June 1, 2009 plea agreement, [ECF No. 309-1], which trial counsel read and explained to Petitioner before Petitioner signed it, included a Statement of Facts that stipulated to the attribution to him of 30 kilograms or more of heroin.

Moreover, in the hearing at which Judge Quarles accepted Petitioner's guilty plea, the following occurred:

> MR. WALLNER:  Your Honor, the facts are as follows:
> Commencing in or about 2004 and continuing until about July of 2008; the Defendant conspired with a number of other individuals to distribute and possess with intent to distribute heroin in and around the area of the Westport section of Baltimore City, Maryland.
> The Defendant was a street lieutenant for

the organization, and sold heroin under the
brand name Dynasty.  At various times during
the period of the conspiracy, the Defendant was
observed by law enforcement in and around the street
shop controlling the distribution of heroin by
street workers in the Westport section of Baltimore
City.

*       *       *

THE COURT: Mr. Brown, did you hear what Mr. Wallner
told me?

DEFENDANT BROWN:  Yes.

THE COURT:  Did he tell me the truth?

DEFENDANT BROWN:  Yes.

June 1, 2009 Excerpt II Transcript, [ECF No. 304-5] at 23-24.

In regard to sentencing, Petitioner's sentencing counsel did
not contest the 30 kilogram attribution.  In Petitioner's Sentencing
Memorandum [ECF No. 251], Petitioner's counsel stated that
Petitioner had agreed to the attribution to him of 30 kilograms of
heroin.  Id. at 2.  There was no contention that the attribution of
30 kilograms was excessive.

At sentencing Petitioner's counsel stated that the only issue
in regard to the Presentence Investigation Report pertained to
Criminal History – not the Offense Level determination based upon
attribution of 30 kilograms of heroin.  July 29, 2010 Sentencing
Transcript, [ECF No. 277] at 20.

The Court does not find that Petitioner was denied the effective

assistance of counsel with regard to Judge Quarles' finding that 30 kilograms of heroin were attributable to him for purpose of U.S.S.G. § 1B1.3.


III.  <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [ECF Nos. 299 & 300] is DENIED.


SO ORDERED, this <u>Wednesday, January 18, 2017</u>.


_____/s/_____<br>
Marvin J. Garbis<br>
United States District Judge