IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *

    vs.                            *   CRIMINAL NO. MJG-08-0415

ELLIOTT BROWN                     *

\*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM AND ORDER

The Court has before it Petitioner's pro se Motion for Relief of Judgment [ECF No. 434] as clarified by the Clarification of Motion [ECF No. 436] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

On June 1, 2009, Petitioner Elliott Brown ("Petitioner" or "Brown") was convicted by Judge Quarles on a plea of guilty to one count of conspiracy to distribute and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. ECF No. 170.

On July 29, 2010, Judge Quarles sentenced Brown. ECF No. 263. Judge Quarles determined that Brown's Offense Level was 36 and that his Criminal History Category was VI, yielding a Guidelines Sentencing Range of 324 to 405 months. ECF No. 286. Judge Quarles, stating that "a sentence in the middle of the Guidelines is sufficient but not greater than necessary," imposed a sentence of 360 months. Sentencing Tr. 27:18-20 (July

29, 2010), ECF No. 277. Judgment was entered on July 30, 2010. ECF No. 267. Petitioner Brown appealed and the United States Court of Appeals for the Fourth Circuit affirmed the judgment on June 16, 2011. ECF No. 289; United States v. Brown, 435 Fed. Appx. 182 (4th Cir. 2011).

On September 14, 2012, Brown filed a motion to vacate the sentence under 28 U.S.C. § 2255 [ECF Nos. 300 & 304]. He asserted that he was denied the effective assistance of counsel due to counsel's failure to:

1. Communicate to him an offer of a plea agreement calling for a 188 month sentence.

2. Adequately represent him in regard to his guilty plea, rendering the plea involuntary.

3. Adequately represent him in regard to the district court's finding that he was a career offender.

4. Adequately represent him in regard to the district court's finding of responsibility for 30 kilograms of heroin.

Memorandum and Order at 3, ECF No. 406. On January 18, 2017, the motion was denied. Id.

On March 10, 2017, the Federal Public Defender, as counsel for Brown, filed an "Amended Motion for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) Based on Retroactive Application of U.S.S.G. Amendment 782." ECF No. 418. On June 16, 2017, the Court granted the motion and resentenced Brown to 292 months.

2

ECF No. 429.

On October 16, 2017, Petitioner Brown, proceeding pro se, filed the instant motion entitled "Motion for Relief of Judgment" [ECF No. 434], and then on November 16, 2017, filed pro se the "Clarification of Motion" [ECF No. 436] regarding the grounds on which the motion was based. The "clarification" seeks reduction of his sentence based upon the decision in Lee v. United States, 137 S.Ct. 1958 (2017); stating that

> if Lee, were applied, Petitioner would be able to demonstrate that his counsel improperly advised him to plead guilty instead of going to trial in his criminal proceedings as a result of a variety of factors, in violation of his Sixth Amendment rights.

Clarification of Motion at 4.

The Government seeks dismissal of Plaintiff's clarified motion because it is a successive petition under 28 U.S.C. § 2255 filed without appellate court certification, as required by 28 U.S.C. § 2255(h).

Section 2255(h) requires that a successive motion under Section 2255 be certified by a panel of an appellate court to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no

> reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

"In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). While nominally a motion under Rule 60 of the Federal Rules of Civil Procedure, the instant motion, as clarified, is an attack upon the conviction and sentence based upon the alleged deprivation of Brown's Constitutional right to effective assistance of counsel. In reality, it is a successive motion under § 2255.

In Winestock, the Fourth Circuit stated:

> [W]e now hold that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to "evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application," . . . a district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive application.

Winestock, 340 F.3d at 206 (emphasis in original).

For the foregoing reasons:

1. The Motion for Relief of Judgment [ECF No. 434] as clarified by the Clarification of Motion [ECF No. 436] is DENIED.

2. This action is without prejudice to Defendant Brown's ability to seek 28 U.S.C. § 2255(h) certification from the United States Court of Appeals for the Fourth Circuit.

SO ORDERED, this Wednesday, April 25, 2018.

_____/s/_____
Marvin J. Garbis
United States District Judge
