# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-08-0415 |
| ELLIOTT BROWN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On August 11, 2021, this Court granted in part Brown's Motion for Compassionate Release and reduced his sentence from 292 to 262 months' imprisonment.[1] (ECF No. 490.) Brown now seeks reconsideration of this Order, arguing that the appropriate relief in this case would be reduction of his sentence to time served. (*See* Mot. Recons. at 10, ECF No. 495.) In support of reconsideration, Brown identifies several putative errors in the Court's prior opinion. While the Court disagrees with all of Brown's assignments of error, it acknowledges that at times its previous Memorandum obviated certain nuances of Brown's case. Given the deliberately individualized nature of sentencing, the Court will address Brown's contentions of factual error and clarify its prior discussion of those facts where necessary. Beyond these factual disputes, Brown offers the Court no reasons for reconsideration that were not raised in his initial request for compassionate release. Viewing those reasons in light of the factual clarifications Brown identifies, the Court concludes that a 262-month sentence remains "sufficient, but not greater than necessary, to comply

---

[1] As previously noted, Brown was originally sentenced to 360 months' imprisonment, which was reduced to 292 months' imprisonment in 2017. (*See* ECF Nos. 267, 428.)

1

with the purposes," of incarceration based on the factors enumerated in 18 U.S.C. § 3553(a). Therefore, Brown's Motion for Reconsideration (ECF No. 495) will be DENIED.

As this Court has previously explained in detail (*see* ECF No. 490), motions for compassionate release are governed pursuant to 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

### *I.     Extraordinary and Compelling Reasons*

In its prior analysis, the Court concluded that "Brown's excessively long sentence, which is out of step with lesser sentence received by his more culpable co-defendant, does qualify as an extraordinary and compelling reason for a sentence reduction." (ECF No. 490 at 2–5.) The Government opposed that conclusion in its original opposition to Brown's motion for compassionate release (*see* ECF No. 488 at 9), and "continues to maintain that Petitioner's original motion should have been denied." (ECF No. 498 at 2.) They do not, however, explicitly urge this Court to reconsider its conclusion that Brown's sentence constitutes an "extraordinary and compelling reason" warranting compassionate release, and the Court sees no reason to disturb its original conclusion.

### *II.     Section 3553(a) Factors*

Moving to consideration of the factors set forth in Section 3553(a), Brown principally argues that the Court's assessment of those factors was guided by incorrect factual predicates. First, Brown points out that the Court's "opinion mistakenly notes that Mr. Brown had a prior second-degree assault conviction from 2004." (ECF No. 495 at 2.) A review of Brown's Presentence Report confirms that while Brown was *charged* with second degree assault, he pled

2

guilty solely to a separate count of driving on a suspended license. (*See* PSR ¶ 43.) While the Court's explanation elided this distinction, read in context the Court did not place any weight on Brown's assault conviction as an indicia that he may pose a danger to the public based on his history and characteristics. (*See* ECF No. 490 at 6 ("Brown did pose a threat to public safety by distributing large quantities of dangerous drugs. However, he was not convicted of a violent offense.").)[2] Accordingly, while the Court will take this opportunity to clarify that Brown was never convicted of a violent offense, that clarification is not grounds for reconsideration.

Brown's second contention—that the Court incorrectly calculated and applied the Sentencing Guidelines (the "Guidelines")—is more complex. When Brown was first sentenced, his Guidelines calculation was 324 to 405 months based on a combined offense level of thirty-six and a criminal history category of VI. (*See* PSR ¶¶ 24, 50.) However, when originally sentenced, Brown was considered a career offender based on his prior convictions. This would no longer be the case, and Brown's offense would presently be calculated at a combined offense level of thirty-four and a criminal history category of V—leading to a Guidelines range of 235 to 293 months. (*See* ECF No. 490 at 4 n.2.)[3]

In his original motion, and again on reconsideration, Brown argues that this calculation also overstates his Guidelines range because his "2000 conviction for possession with intent to distribute controlled substances was obtained in violation of his constitutional rights" because

---

[2] The Court also declined to acknowledge or adopt the Government's concerns about a post-incarceration administrative sanction Brown received for "fighting." (*See* ECF No. 488 at 6; *see also* ECF No. 490 at 6 (citation omitted) (concluding that "public safety will not be negatively impacted by a reduction of [Brown's] sentence").)
[3] Although Brown disputes the Court's attribution of this calculation to him (*see* Mot. Recons. at 2 n.2), he does not dispute that this would accurately reflect his Guidelines range if the Court did not adopt his view that his 2000 conviction should not be considered as part of his criminal history. (*See* ECF No. 484 at 15 (explaining that without a career offender enhancement, "Mr. Brown's guidelines range calls for a sentence between 235 to 293 months in prison").)

3

Brown was represented by stand-in counsel at his plea colloquy.[4] (Mot. Recons. at 6; ECF No. 484 at 16.) If this offense were not considered, Brown's criminal history category would fall to IV and combined with his final offense level of 34 would result in a Guidelines range of 210 to 262 months' imprisonment. (*Id.* at 7.) Brown's present sentence of 262 months (pending reconsideration) represents a Guidelines sentence or downward departure under any of these calculations.

That said, Brown identifies points in the prior Memorandum where the Court did not track and apply these various standards with the necessary clarity. Most importantly, the Court twice noted Brown's *original* sentencing parameters (36/VI) when discussing the § 3553(a) factors applicable to Brown's compassionate release. (ECF No. 490 at 6–7.) This was error. That said, the Court expressly disclaimed reliance on the Guidelines ranges in imposing its revised sentence, noting that they were "*too lengthy* in light of the circumstances of Brown's case." (*Id.* at 7 (emphasis in original).) Rather, the Court's analysis was largely driven by the nature of Brown's present and previous offenses, and not how those offenses mapped onto the Sentencing Guidelines.

---

[4] The Court seriously doubts its authority to even consider unilaterally disregarding a state court conviction on a motion for compassionate release. *See In re Shelton*, 1 F. App'x 149, 149 (4th Cir. 2001) (holding that federal courts lack jurisdiction to consider writs of error coram nobis seeking to invalidate state court conviction); *see also Horner v. Nines*, 995 F.3d 185, 197 (4th Cir. 2021) ("[S]tate courts are the principal forum for asserting constitutional challenges to state convictions."). Even if it could, accepting Brown's arguments on this score would not alter this Court's § 3553(a) analysis.

Discounting Brown's 2000 conviction would have three effects. First, as noted, it would lower Brown's criminal history category and his corresponding Guidelines range. Second, Brown would "likely not be subject to a § 851 enhancement," which would lower his mandatory minimum sentence from 20 years to 10 years. (*See* ECF No. 484 at 17–19.) And third, it would remove consideration of that conviction from the Court's analysis of the § 3553(a) factors. However, the Court's prior analysis did not rely on any of these three consequences in determining Brown's sentence reduction. While that analysis noted that "Brown's aggravated prior record . . . includes other drug-related offenses," that is true regardless of whether one considers Brown's conviction in 2000. (*See* PSR ¶¶ 34, 45.) Further, the Court's primary concern on resentencing was Brown's present conviction in light of his entire criminal history, not any particular conviction that made up that history. (ECF No. 490 at 6.) In short, resolving the validity of Brown's 2000 conviction would not have materially altered the Court's § 3553(a) analysis and the Court's failure to explicitly address that argument does not warrant reconsideration.

4

(*See id.* at 6–7.) Thus, while Brown is correct in identifying these errors, they did not affect the ultimate disposition of his original motion.

Indeed, the gravamen of Brown's present Motion does not rest on these errors, but rather falls back on "repeat[ing] the arguments advanced in [his] original filing and responsive pleading." (Gov't Opp'n at 1.) Those arguments emphasize the disparity between Brown's sentence as reduced by the Court's most recent opinion and that of his co-defendant Jamal Stewart, whose sentence was reduced to 174 months' imprisonment in August of 2020. (*See* ECF No. 478.) As Brown's Motions highlight, Stewart was "the leader, head, and most culpable member of the drug conspiracy." (ECF No. 495 at 3.) However, this single factor—while important—fails to account for the differences between Brown and Stewart's sentences and subsequent reductions. (ECF No. 484 at 1 (internal quotation marks omitted).)[5] The same can be said about Brown's arguments regarding sentence reductions granted in other cases and "the average sentence for career offenders who are convicted of only drug trafficking offenses." (ECF No. 495 at 5, 8–9.) Indeed, the Court's discussion of these benchmarks in its prior analysis occurred solely with respect to determining whether Brown had presented "extraordinary and compelling reasons" warranting reconsideration of his sentence. (ECF No. 490 at 3–5.)

While these comparators can provide grounds for the Court to reassess the § 3553(a) factors, they cannot substitute for the "individualized assessment of the facts and arguments presented" that the Court must engage in to "impose an appropriate sentence." *See United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (citing *Gall v. United States*, 552 U.S. 38, 50 (2007)) (internal quotation marks omitted). In its initial analysis, the Court considered all applicable

---

[5] These differential considerations are also reflected in the fact that Brown's initial sentence (360 months) was significantly lengthier than Stewart's (262 months). Despite significantly different paths to resentencing, both defendants have now received an approximately 100-month reduction from those initial sentences.

5

factors in resentencing Brown in accordance with the § 3553(a) factors, and Brown's present motion provides no new reasons for the Court to depart from its initial conclusion.

In sum, the Court has no reason to reconsider its original determination that a 262-month sentence was "sufficient, but not greater than necessary" given the unique facts of Brown's case. 18 U.S.C. § 3553(a). While Brown points out instances where the Court's analysis did not reflect the clarity required by this nuanced assessment, revisiting (and where necessary, correcting) those factual predicates does not lend the additional weight to Brown's arguments necessary to justify reconsideration. Accordingly, Brown's Motion for Reconsideration (ECF No. 495) will be DENIED.

DATED this __10__ day of September, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge