## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. JKB-08-00415 |
| ELLIOTT BROWN, | * | |
| Defendant. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>MEMORANDUM AND ORDER</u>

Petitioner Elliott Brown, proceeding pro se, has filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1). (ECF No. 516.) The Motion is fully briefed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the following reasons, the Court will grant in part the Motion and reduce Brown's sentence to a term of 235 months of imprisonment, followed by five years of supervised release.

## I.    Background

In June 2009, Brown pled guilty to one count of conspiracy to distribute and possession with intent to distribute heroin in violation of 21 U.S.C. § 846. (ECF Nos. 2, 170, 175.) Brown later moved to withdraw his guilty plea, but the Court denied this request. (ECF No. 265.) In July 2010, Judge Quarles sentenced Brown to 360 months (30 years) imprisonment. (ECF No. 267 at 2.) This sentence was within then-applicable Guidelines range of 324 to 405 months. (Statement of Reasons, ECF No. 268 at 1.)

In June 2017, Judge Garbis granted Brown's motion to reduce his sentence, and amended his sentence to 292 months. (ECF No. 429.) The Court granted this reduction because a

subsequent amendment to the Sentencing Guidelines reduced Brown's offense level from 36 to 35. (*Id.* at 6–7.)

In 2020 and 2021, Brown filed renewed motions for compassionate release and sentence reduction. (ECF Nos. 467, 484.) In August 2021, the Court granted in part Brown's motions and reduced his sentence again, this time from 292 months to 262 months of incarceration. (ECF No. 490.) In granting this request, the Court found that Brown's "excessively long sentence, which is out of step with the lesser sentence received by his more culpable co-defendant," constituted an extraordinary and compelling reason for reduction in sentence. (*Id.* at 5.) The Court then weighed the Section 3553(a) factors and determined that a sentence of 262 months was appropriate. (*Id.* at 7.)

Shortly after the issuance of the Court's order reducing his sentence, Brown moved for reconsideration, arguing that his sentence should be reduced to time served. (ECF No. 495.) The Court denied that motion in September 2021. (ECF No. 500.) The Court explained that its earlier opinion had mistakenly stated that Brown was convicted of second-degree assault in 2004 and erroneously applied outdated sentencing parameters in its evaluation of the Section 3553(a) factors. (*Id.* at 4–7.) However, the Court found that these errors did not change its conclusion, as the Court had not relied on Brown's previous conviction or the Sentencing Guidelines range in arriving at a sentence of 262 months. (*Id.*)

## II.    Legal Standard

The compassionate release provision of 18 U.S.C. § 3582 is one of the few exceptions to the general rule that a sentencing court cannot modify a term of imprisonment once it has been imposed. *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). Under the 2018 First Step Act, petitioners may file motions for compassionate release themselves, after exhausting

2

administrative remedies. *United States v. McCoy*, 981 F.3d 271, 276, 283 (4th Cir. 2020).

Pursuant to § 3582(c)(1)(A), as relevant here, if a court finds (1) extraordinary and compelling

reasons warrant it, and (2) a "reduction is consistent with applicable policy statements issued by

the Sentencing Commission," then (3) the court considers the factors in § 3553(a) and reduces or

alters the term of imprisonment if appropriate. *See id.* at 275.

Looking to the second step, when the First Step Act was implemented, there were no

"applicable policy statements issued by the Sentencing Commission" regarding sentence

reductions. *Id.* at 281. The then-existing Sentencing Guidelines predated the First Step Act and

the compassionate release provision failed to contemplate a scenario where a detainee moved for

release on their own behalf. *Id.* at 276–81 ("[Guideline § 1B1.13] was adopted before the First

Step Act, and the Sentencing Commission has not updated it to account for the fact that the Act

now allows defendants to file their own motions for compassionate release."). The Fourth Circuit,

therefore, concluded that the Sentencing Commission's then-extant sentence reduction policy

statement (§1B1.13) was not binding on district courts. *Id.* at 283. Therefore, district courts could

"consider any extraordinary and compelling reason for release that a defendant might raise." *Id.*

at 284.

Newly amended Sentencing Guidelines went into effect on November 1, 2023. U.S. Sent'g

Comm'n, Guidelines Manual (Nov. 2023). The new Guidelines do consider detainee-filed

compassionate release motions post-First Step Act. USSG §1B1.13(a) ("Upon motion of the

Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A) . . .")

(emphasis added). So, they would appear likely to be "applicable." But the new § 1B1.13 includes

a catchall provision, "Other Reasons." USSG §1B1.13(b)(5). This provision states that a Court

may find an extraordinary and compelling reason for relief if the "defendant presents any other

circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."

This catchall maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release. When describing the reasoning behind the provision, the Commission stated that it "determined that, by retaining a broad catchall provision that allows for consideration of reasons similar in gravity to those enumerated in the policy statement, courts would have both discretion and guidance necessary to grant reductions in any appropriate case." U.S. Sent'g Comm'n, 2023 Amendments in Brief (Nov. 2023). Indeed, the catchall provision is a nod to *McCoy*, and other similar precedents, indicating that it is intended to largely maintain the status quo. *See United States v. Gaither*, Crim No. 5:19-00012-KDB-DSC-1, 2023 WL 7726622, at *2 (W.D.N.C. Nov. 15, 2023) ("The new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release."). Accordingly, the Court will "consider any extraordinary and compelling reason for release" raised by Brown. *See McCoy*, 981 F.3d at 284.

## III.    Analysis

### A. *Exhaustion*

As a preliminary matter, a compassionate release petitioner must exhaust administrative remedies with the BOP or 30 days must have lapsed from the date of the Warden's receipt of the petitioner's request, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Here, Brown requested compassionate release from the Warden of his institution on June 29, 2023 (ECF No. 520), and more than thirty days have elapsed since then. The Government does not contest that Brown has

exhausted his remedies. Accordingly, the Court finds that the exhaustion requirement has been fulfilled and the Court may consider the merits of Brown's motion.

### B. Length of Sentence and Intervening Changes in Law

An exceptionally long prison sentence, especially one that is grossly disparate from the sentence a petitioner would likely receive were he to be sentenced today, can be an extraordinary and compelling reason for release. *McCoy*, 981 F.3d at 285. Furthermore, the newly-applicable Sentencing Guidelines provide that an unusually long sentence may constitute an extraordinary and compelling reason for release when (1) the defendant has already served at least 10 years in prison, (2) a change in the law (other than a non-retroactive Sentencing Guidelines amendment) "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed," and (3) the Court has given "full consideration [to] the defendant's individualized circumstances." USSG §1B1.13(b)(6).[1]

Here, a sentence of 262 months for Brown's nonviolent drug offense remains too long, especially in light of changes in the law and in sentencing practices. The excessive length of the sentence constitutes an extraordinary and compelling reason for release.

As an initial matter, the Government's argument that Brown's motion is foreclosed by *United States v. Ferguson* sweeps too broadly. 55 F.4th 262 (4th Cir. 2022). In *Ferguson*, the Fourth Circuit held that a petitioner cannot use a compassionate release motion as a vehicle to attack the validity of a federal conviction or sentence. *Id.* at 270. The court reached this conclusion because it found that Section 2255 "is the exclusive method of collaterally attacking a federal conviction or sentence." *Id.* However, the court was careful to note that a compassionate release motion may still be used to challenge the length of a sentence imposed because of changes in

---

[1] The Government does not dispute that Brown has served over ten years in prison and thus the first prong of Section 1B1.13(b)(6) is satisfied.

sentencing law that occurred after sentencing, even if those changes were not made retroactive. *Id.* at 271. Accordingly, the Court may consider Brown's arguments grounded in intervening changes in the law. *See United States v. Mariano*, Crim. No. 5:14-00007, 2023 WL 6465139, at *7 (W.D. Va. Oct. 2, 2023) (noting that "several district courts in the Fourth Circuit have concluded that defendants asserting post-sentence changes in law as a ground for compassionate release are not barred by *Ferguson*" and collecting cases).

That said, the Court agrees with the Government that *Ferguson* forecloses Brown's argument about his 2000 conviction for possession with intent to distribute marijuana. Brown argues that this conviction was obtained in violation of his constitutional rights because he was represented by stand-in counsel at his plea colloquy, and that it therefore should never have been factored into sentencing in this case. (ECF No. 516.) The Court considered and rejected this argument in 2021, explaining that it "seriously doubt[ed] its authority to even consider unilaterally disregarding a state court conviction on a motion for compassionate release." (ECF No. 500 at 4 (citing *In re Shelton*, 1 F. App'x 149, 149 (4th Cir. 2001).) The Court's conclusion is buttressed by *Ferguson*. As the Court has explained, *Ferguson* does not foreclose arguments based on intervening changes in sentencing law, but it *does* bar litigants from using a compassionate release motion to challenge the validity of the underlying sentence imposed. Here, Brown is arguing that his sentence was invalid because it relied in part on an unconstitutionally obtained conviction. Under *Ferguson*, such an argument must be made via Section 2255.

Turning to the substance of Brown's sentence, as the Court has explained in its prior opinions, Brown's criminal history category of VI at the time of his original sentencing was based on his classification as a career offender. However, Brown would not be considered a career offender under today's law. (ECF No. 429 at 7; ECF No. 500 at 3.) Instead, as the Court previously

6

explained (ECF No. 500 at 3), his criminal history category would be V, which—combined with a final offense level of 34—leads to a Guidelines range of 235 to 293 months. USSG §5A (Sentencing Table).

However, the Court finds that a 262-month sentence, while within the Guidelines, remains too lengthy. Brown's criminal history category of V derives almost exclusively from marijuana-related offenses that would be unlikely to lead to convictions today. Society's views toward marijuana have evolved in the years since Brown's conviction. Maryland voters recently approved a referendum decriminalizing certain forms of possession in the state, and a bill implementing that referendum has been signed into law. An Act Concerning Cannabis Reform, 2023 Md. Laws Ch. 254. To be sure, these changes in the law do not directly impact the validity of imposed federal sentences, and marijuana remains a controlled substance at the federal level. But these developments suggest that Brown's criminal record overstates his likelihood of recidivism and the degree to which he has transgressed against society's norms. *See United States v. Love*, 634 F. Supp. 3d 273, 277, 286 (S.D. W. Va. 2022) (granting a sentence reduction in part because the petitioner's criminal history was based on marijuana convictions and in the years since his conviction there has been "a radical policy shift towards the decriminalization of marijuana"); *Bellamy v. United States*, 474 F. Supp. 3d 777, 785 (E.D. Va. 2020) (stating that a petitioner's prior convictions for marijuana and driving offenses do not justify the use of sentencing enhancements "designed for violent, recidivist offenders").

Brown was never convicted of a violent crime or a crime involving the use of a firearm. Further, the Court takes judicial notice of the fact that the average sentence for heroin offenses has ranged from 69 to 66 months from fiscal years 2018 through 2022, roughly a quarter of Brown's 262-month sentence. U.S. Sent'g Comm'n, Quick Facts: Heroin Trafficking Offenses. Indeed,

Brown's current sentence is a month *longer* than the current average sentence imposed for murder in the Fourth Circuit as of fiscal year 2022. U.S. Sent'g Comm'n, Statistical Information Packet, Fiscal Year 2022: Fourth Circuit, Table 7. These facts all indicate that Brown's sentence is excessive and far longer than the sentence that he would likely face were he sentenced today.

The Court also notes that Jermar Stewart, the more culpable co-defendant who was the leader of the drug ring, received a sentence of 178 months. (*See* ECF No. 495.) The disparity between the sentence Brown is serving and that of a more culpable co-defendant is another factor that leads the Court to conclude that Brown's sentence is excessive. *See United States v. Jones*, Crim. No. PJM-94-0441, 2022 WL 3139810, at \*4 (D. Md. Aug. 4, 2022) (holding that the disparity in sentence between petitioner and more culpable co-defendants was an extraordinary and compelling reason for release). The Court also takes judicial notice of the fact that another co-defendant, Larry Cheese— who had very similar culpability and criminal history to Brown— was recently granted a sentence reduction to 204 months. *United States v. Cheese*, Crim. No. ELH-08-0415, 2022 WL 17721142 (D. Md. Dec. 15, 2022).

Finally, the Court considers evidence of Brown's rehabilitation. *See United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019) (explaining that courts must provide an "individualized explanation" about a defendant's rehabilitative efforts when there is evidence of rehabilitation); USSG §1B1.13(d) (stating that rehabilitation by itself is not an extraordinary and compelling reason for release but that it "may be considered in combination with other circumstances" to determine whether a sentence reduction is warranted). Brown states that during his time in prison he has earned his GED and taken classes in parenting, writing, career development, mental health, and various vocational programs. (ECF No. 528 at 4.) Brown is also in the Residential Drug Abuse Program (RDAP). (*Id.*) Additionally, Brown has reflected on his actions and taken

responsibility for the harms he has caused. (ECF No. 528-1 at 2 ("I make no excuses for my

behavior except to take accountability for it. . . . I learned to shed a pattern of behavior that I have

not returned to that has caused myself and others such grief. I have a responsibility to uphold

positive values not just for myself but also for society at large, my community, and my family.").)

These activities and this statement all reflect a level of maturity and responsibility that was lacking

when Brown was originally sentenced. *See United States v. McDonald*, 986 F.3d 402, 412 (4th

Cir. 2021) (stating that the "district court must at least weigh" a compassionate release petitioner's

"conduct in the years since their initial sentencing[]").

On these facts, the Court finds that the excessive length of a 262-month sentence for a

nonviolent drug offense, given intervening changes in the law and other considerations, is an

extraordinary and compelling reason for release under both the standard announced in *McCoy* and

under USSG §1B1.13(b)(6). *See United States v. Harrison*, Crim. No. ELH-96-116, 2023 WL

4744747, at * 10 (D. Md. July 25, 2023).

Before turning to the Section 3553(a) factors, the Court pauses to consider two other issues

that Brown raises, neither of which themselves constitute extraordinary and compelling reasons

for release. Brown references his "parents' declining health" and his desire to spend time with

them. An inmate's wish to help care for an ill parent can, in certain circumstances, constitute an

extraordinary and compelling reason for release. *United States v. Davis*, No. 21-6960, 2022 WL

127900, at *1 (4th Cir. Jan. 13, 2022). However, Brown has provided the Court with no details

about the nature or severity of his parents' health conditions, nor has he stated that his parents have

no other caregiver. *See United States v. Brown*, Crim. No. JKB-16-0427, 2022 WL 1664474 (D.

Md. May 25, 2022) (finding that a parent's ill health did not constitute an extraordinary and

compelling reason for relief when the petitioner did not show that the parent was incapacitated or

9

that the petitioner was the only possible caregiver). Accordingly, the Court finds that his desire to be with his parents does not constitute an extraordinary and compelling reason for release. Similarly, Brown's desire to spend time with his children is also not extraordinary and compelling, as he has not produced any evidence showing that he is their only suitable caregiver or that there are other unusual circumstances. *See United States v. Young*, Crim. No. 2:20-00004, 2023 WL 5240789, at *3 (S.D.W. Va. Aug. 11, 2023) ("Generally, courts will deny compassionate release when another suitable caregiver is available for the defendant's child.") (quotation omitted).

### *C. Section 3553(a) factors*

To be granted a reduced sentence, in addition to showing extraordinary and compelling circumstances, Brown must show that the 18 U.S.C. § 3553(a) factors weigh in favor of his release. 18 U.S.C. § 3582(c)(1)(A). Under § 3553(a), the Court imposes "a sentence sufficient, but not greater than necessary," after considering (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to, *inter alia*, reflect the seriousness of the offense, provide deterrence, and protect the public, (3) the kinds of sentences available, (4) applicable Sentencing Guidelines, (5) any pertinent policy statement issued by the Sentencing Commission, (6) the need to avoid unwarranted sentencing disparities, and (7) the need to provide restitution to any victims.

The Court begins by considering the "nature and circumstances of the offense and the history and characteristics of the defendant." Here, Brown's crime was a serious one. He admitted to conspiring to distribute at least 30 kilograms or more of heroin in Baltimore. (ECF No. 234-1 at 6.) As a street lieutenant, he controlled the distribution of heroin by street workers in and around the Westport neighborhood of the city. (*Id.* at 7.) Heroin is a highly addictive, deadly, and illegal substance. And the Court takes notice of the fact that narcotics trafficking has ravaged

neighborhoods and led to devastating violence in Baltimore. A substantial prison sentence was and remains appropriate for this crime. The Court also notes that Brown's arrest for instant offense occurred while he was in violation of the terms of home imprisonment from an earlier conviction. (*Id.* at 13.)

That said, the Court also considers the fact that Brown's crime did not directly involve any act of violence or use of a firearm. Looking at his criminal history, Brown was never convicted of a violent act. The convictions that contributed to his criminal history related to driving violations or marijuana offenses. (ECF No. 234-1 at 8 – 13.) As the Court has explained above, the significant legal and societal changes in our Nation's approach toward marijuana means that Brown's high criminal history score—grounded largely on marijuana convictions—now substantially overstates the magnitude of his offenses and his likelihood of recidivism.

The Court also considers Brown's family circumstances, career plans and rehabilitation. As the Court has already explained, his desire to spend time with his parents and children do not constitute extraordinary and compelling reasons for release. That said, his family support and his professed understanding of his "responsibility for [his] sons" are relevant factors in considering Brown's personal characteristics. (ECF No. 528-1.) Also, Brown has stated that he plans to "enroll in college and obtain [his] Associate's degree," with the hope of one day becoming a teacher or perhaps an electric worker. (*Id.*) Brown now recognizes that he has "a responsibility to uphold positive values not just for [him]self but also for society at large, [his] community, and [his] family." (*Id.*) In short, Brown recognizes that he has much to live for outside of prison, and much to lose from returning to a life of crime. These facts counsel in favor of a reduced sentence.

Next, the Court considers the need to protect the public. On the record before the Court, it appears that Brown has behaved tolerably well while in prison. The Government cites to Brown's

"poor adjustment during his federal incarceration" (ECF No. 525 at 13), but points only to a 2020 citation for insolence, a 2017 citation for "making three-way calls" and a 2014 citation for fighting. The Court recognizes the importance of maintaining good order in prisons for the protection of both correctional officers and the prisoners themselves. But these fairly routine violations—the most recent of which is from three years ago—over a nearly 15-year span of incarceration do not suggest that Brown remains a danger to society. Courts in this District have been willing to release inmates with far more serious disciplinary records. *See, e.g., Jones*, 2022 WL 3139810, at \*6; *Harrison*, 2023 WL 4744747, at \*11; *Cheese*, 2022 WL 17721142, at \*17. The fact that Brown has never been convicted of a violent offense further minimizes the danger to the public. Finally, the Court considers Brown's age. By the end of his sentence, he will be nearing 50 years old. He states that "the young man [he] once was does not exist." (ECF No. 528-1 at 2.) Recidivism at this age is substantially less likely. *Harrison*, 2023 WL 4744747, at \*11.

The Court concludes that a sentence of 235 months—at the low end of the Guidelines range—is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to fulfill the other purposes of incarceration. This is still a lengthy sentence that sufficiently reflects our Nation's continuing condemnation of the heroin trade.

The Court also finds that a reduction of Brown's term of supervised release from ten years to five years is warranted. Given his rehabilitation and the fact that he will be in his mid-fifties by the time supervised release ends, the Court concludes that a five-year term is sufficient, but not greater than necessary, to comply with the purposes of Section 3553(a).[2]

---

[2]     Under 21 U.S.C. § 841(b), someone convicted of an offense involving 1 kg or more of heroin faces a mandatory minimum sentence of 10 years imprisonment plus five years of supervised release. If the defendant was previously convicted of a "serious drug felony," then the supervised release term shall be ten years. The statute's definitions provision, 21 U.S.C. § 802(57), defines "serious drug felony" as an

## IV.    Conclusion

For the foregoing reasons, Brown's Motion for Compassionate Release (ECF No. 516) is GRANTED IN PART.  An Amended Judgment will issue, reducing Brown's sentence to a term of imprisonment of 235 months, to be followed by five years of supervised release.

DATED this ___13___ day of December, 2023.

BY THE COURT:

*James K. Bredar*

James K. Bredar
Chief Judge

---

offense described in 18 U.S.C. § 924(e)(2) for which the offender served a term of 12 or more months in prison and that occurred within 15 years of the commencement of the present offense. 18 U.S.C. § 924(e)(2), in turn, defines a "serious drug offense" as one in which, *inter alia*, the offense be punishable by ten years or more in prison.

The only applicable "serious drug felony" in Brown's past was a conviction in the Circuit Court for Baltimore City in 2000 for "Possession with Intent to Manufacture/Distribute/Dispense" marijuana, for which Brown ultimately appears to have served a little over a year in prison. (*See* ECF No. 234-1 at 10–11). The Presentence Report does not indicate which provision of Maryland law Brown violated, but the Court will assume that Brown's conviction was under Md. Code Ann., Crim. Law § 5-602. However, because of subsequent changes in marijuana laws discussed above, possession with intent to distribute cannabis is (1) now classified as a misdemeanor rather than a felony, and (2) punishable by no more than three years in prison. *Id.* §§ 5-602(b), 607(a)(2). Thus, if Brown's 2000 conviction occurred today, it would not be a "serious drug offense" under 18 U.S.C. § 924(e)(2) and thus not a "serious drug felony" for the purposes of 21 U.S.C. § 841(b). Accordingly, if Brown were sentenced today, he would not be subject to Section 841(b)'s mandatory ten-year term of supervised release.

The Section 841(b) enhancement appears to have been valid when imposed. But the Court has "the authority in granting a motion for compassionate release to sentence a defendant below the mandatory minimum" in appropriate circumstances. *United States v. Jordan*, Crim. No. RDB-11-094, 2022 WL 214044, at *1 (D. Md. Jan. 25, 2022). Here, the Court finds that the ten-year mandatory supervised release term is not warranted for the reasons stated in the body of the Memorandum and Order and because it was predicated on an offense that—if committed today—would not trigger the mandatory minimum.

13